[L. A. Nos. 709, 729. Department One.—July 25, 1900.]

W. H. CLARK, Respondent, v. D. OYHARZABAL, Appellant.

SETTING ASIDE JUDGMENT BY DEFAULT—NONRECEIPT OF NOTICE OF OVERRULING OF DEMURRER.—Where a firm of attorneys had appeared for the defendant and demurred to the complaint, and notice of the overruling of the demurrer had been mailed to one of the members of the firm, if such member makes an uncontradicted affidavit that neither he nor the firm received the notice alleged to have been mailed to him, and that neither he nor the firm knew that the court had passed upon the demurrer until one week before notice was given of a motion to set aside a judgment by default taken against the defendant, the motion to set it aside should be granted.

APPEALS from a judgment of the Superior Court of Orange County and from an order refusing to set aside a default and judgment entered after demurrer overruled. J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

Hazard & Harpham, for Appellant.

Z. B. Stuart, and H. W. Nisbet, for Respondent.

THE COURT.—Appeal by the defendant from an order denying a motion to set aside his default and the judgment entered against him after his demurrer to the complaint had been overruled. After the court had denied this motion the defendant took an appeal from the judgment, and also took a separate appeal from the order—the appeal from the judgment being case No. 709, and that from the order being No. 729. Although these appeals are presented in different records they were submitted together and have been considered together.

Notice of overruling the demurrer and of time to answer was given by mail, and was regular in all respects, except that it was addressed to George E. Harpham, instead of to Hazard & Harpham, who were the attorneys for the defendant. The motion to set aside the default was made on the affidavit of Harpham, in which he stated that neither he nor the firm of Hazard & Harpham, or the defendant, had any notice of the overruling of the demurrer until the 9th of December, and "that affiant did not receive the notice alleged to have been mailed to him . . . . and did not know . . . . and the firm of Hazard & Harpham did not know that the court had passed on said demurrer until December 9, 1898, and did not receive any notice thereof." The motion was also supported by a proper affidavit of merits.

This affidavit of Harpham was uncontradicted, and—assuming it to be true, as we must—it shows that defendant's attorneys were not in fact notified of the order of the court overruling their demurrer. The motion to open the default should therefore have been granted.

As under this determination the superior court will set aside the default and judgment thereon, it is unnecessary to consider the appeal from the judgment. The order appealed from in case No. 729 is reversed, and the superior court is directed to enter an order as of December 30, 1898, setting aside and vacating the judgment theretofore entered, and permitting the defendant to answer the complaint. Case No. 709 is remanded for further proceedings consistent therewith.